UNITED STATES DISTRICT COURT

CENTRAL DISTRICT OF CALIFORNIA — WESTERN DIVISION

| | |
|---|---|
| STEVEN R. LEVY,<br><br>    Plaintiff,<br><br>vs.<br><br>MICHAEL J. ASTRUE,<br>Commissioner of the Social<br>Security Administration,<br><br>    Defendant. | Case No. CV 07-6412-JWJ<br><br>ORDER REMANDING ACTION<br>FOR FURTHER PROCEEDINGS |

Plaintiff seeks review of the decision of defendant, the Commissioner of the Social Security Administration, denying his application for Supplemental Security Income Benefits (hereinafter "SSI"). As discussed below, this Court vacates the decision of the Administrative Law Judge and remands this action to the Commissioner for further proceedings.

### I.  SUMMARY OF DISTRICT COURT PROCEEDINGS

On October 4, 2007, plaintiff Steven R. Levy filed a "Complaint to Review and Set Aside Decision of Social Security Administration Under Title XVI of the Social Security Act, 42 U.S.C. § 405(g) and 1383(c)(3)" (hereinafter "Complaint"). On February 20, 2008, defendant filed an

"Answer" along with a copy of the Certified Administrative Record (hereinafter "CAR") of the administrative proceedings in this matter. On September 9, 2008, the parties filed a Joint Stipulation addressing their respective claims.

This matter is now deemed under submission and ready for decision.

## II.  FACTUAL BACKGROUND

**A.     Summary of Administrative Proceedings.**

On September 11, 2003, plaintiff filed an application for Social Security Supplemental Security Income. (CAR 139.) On February 17, 2004, the Social Security Administration found plaintiff disabled as of September 1, 2003, and determined that plaintiff filed his disability application on September 5, 2003. (CAR 54.) On September 28, 2004, plaintiff filed a request for reconsideration of the filing date of his application for Supplemental Security Income. (CAR 58.) On January 6, 2005, the Social Security Administration affirmed the original determination regarding plaintiff's application date. (CAR 60-62.) On February 16, 2005, plaintiff filed a "Request for a Hearing By an Administrative Law Judge." (CAR 63.) On July 18, 2005, Administrative Law Judge Dale A. Garwal (hereinafter "ALJ") conducted a hearing; plaintiff appeared with counsel and testified on his own behalf. (CAR 276-290.) On October 28, 2005, the ALJ issued a ruling that plaintiff's application for Supplemental Security Income "will not be modified to reflect a protective application date of April 14, 2003." (CAR 43-46.) On December 6, 2005, plaintiff requested review of the ALJ's decision; the Appeals Council denied review on August 6, 2007, thus making the decision of the ALJ the final decision of the Commissioner in that matter. (CAR 4-6, 30.) See 20 C.F.R. § 404.900(a)(5).

///

///

- 2 -

**B.   Facts Regarding Plaintiff's Personal History and Medical Condition.**

Born September 8, 1947, plaintiff was fifty-seven years old at the time of his July 18, 2005 hearing before the ALJ.  (CAR 27, 69, 139.)  Plaintiff has completed one year of college and has past work experience as a tool salesman.  (CAR 44, 73, 76.)  On February 17, 2004, the Social Security Administration found plaintiff disabled as of September 1, 2003 due to affective (mood) disorder and anxiety related disorders.  (CAR 54.)  On September 28, 2004, plaintiff filed a request for reconsideration of the filing date of his application for Supplemental Security Income.  (CAR 58.)  Plaintiff's attorney submitted a document dated July 15, 2005 which indicates that plaintiff "seeks a determination of an [sic] protected filing date of April 14, 2003."  (CAR 85.)

**C.   Testimony Before the Administrative Law Judge.**

1.   <u>Plaintiff's Testimony</u>

Plaintiff testified that he tried to apply for Supplemental Security Income during April 2003.  (CAR 284.)  Specifically, plaintiff indicated that he went to the district office on Ventura Boulevard in Media City; plaintiff later clarified that the district office is located in "Media Center."  (CAR 284.)  Plaintiff explained that after he went up to the window inside the district office, he was given papers to fill out.  (CAR 285.)  Plaintiff indicated that he informed unspecified people that he could not fill out the papers due to his disability, and that plaintiff showed the unspecified people a state psychologist finding that plaintiff is disabled.  (CAR 285.)  Plaintiff testified that he also informed the unspecified people that his disability stems from his inability to write, and that his inability to write precluded him from filling out the disability application.  (CAR 285.)  Plaintiff testified that unspecified people told him that they do not help people fill out forms, and that they have no obligation to do so.  (CAR 286.)  Plaintiff explained that an unspecified person

- 3 -

from a social service agency eventually filled out plaintiff's disability application, after which the application was submitted to the Social Security Administration.  (CAR 287.)

Plaintiff also testified that he pays approximately "six or eight" bills per month.  (CAR 288.)  Plaintiff estimated that it takes him approximately seven or eight hours to pay six bills by postal mail.  (CAR 288.)

**D.     The ALJ's Decision.**

On October 28, 2005, the ALJ issued a decision denying plaintiff's request to change the filing date of his application for Supplemental Security Income from September 5, 2003 to April 14, 2003.  (CAR 43-46.)  The ALJ wrote that plaintiff testified as follows: a) plaintiff visited a local office of the Social Security Administration on April 14, 2003 in order to apply for Supplemental Security Income; b) the Social Security Administration failed to reasonably accommodate plaintiff's attempt to complete his application; and c) a security guard ordered plaintiff to leave the local office.  (CAR 44.)  The ALJ indicated that plaintiff has the burden of showing that he "made an unsuccessful attempt to file an application for Supplemental Security Income on April 14, 2003."  (CAR 45.)  The ALJ ultimately concluded that plaintiff did not meet this burden because no agency record corroborates plaintiff's claim that he tried to file an application on April 14, 2003.  (CAR 45.)  Accordingly, the ALJ declined to modify plaintiff's application for benefits to reflect an earlier protective application date.  (CAR 46.)

### III.  STANDARD OF REVIEW

Under 42 U.S.C. § 405 (g), a district court may review the Commissioner's decision to deny benefits.  The Commissioner's  (or ALJ's) findings and decision should be upheld if they are free of legal error and supported by substantial evidence.  However, if the court determines that

1 findings are based on legal error or are not supported by substantial evidence in
2 the record, the court may reject the findings and set aside the decision to deny
3 benefits. See McCartey v. Massanari, 298 F.3d 1072, 1075 (9th Cir. 2002);
4 Tonapetyan v. Halter, 242 F.3d 1144, 1147 (9th Cir. 2001); Osenbrock v.
5 Apfel, 240 F.3d 1157, 1162 (9th Cir. 2001).

6 "Substantial evidence is more than a scintilla, but less than a
7 preponderance." Reddick, 157 F.3d 715, 720 (9th Cir. 1998). It is "relevant
8 evidence which a reasonable person might accept as adequate to support a
9 conclusion." Id. To determine whether substantial evidence supports a
10 Commissioner's findings, the reviewing court "must review the administrative
11 record as a whole, weighing both the evidence that supports and the evidence
12 that detracts from the Commissioner's conclusion." Id. "If the evidence can
13 reasonably support either affirming or reversing," the reviewing court "may not
14 substitute its judgment" for that of the Commissioner. Reddick, 157 F.3d at
15 720-721; see also Osenbrock, 240 F.3d at 1162.

## IV. THE FIVE-STEP ANALYSIS

**A.  Initial Five-Step Analysis**

19 A disability claimant must show that a medically determinable physical
20 or mental impairment prevents the claimant from engaging in substantial
21 gainful activity and that the impairment is expected to result in death or to last
22 for a continuous period of at least twelve months. Reddick v. Chater, 157 F.2d
23 at 721; 42 U.S.C. § 423 (d)(1)(A).

24 Disability claims are evaluated according to the five-step procedure
25 described below. See Bowen v. Yucker, 482 U.S. 137, 140-42, 107 S. Ct.
26 2287, 96 L. Ed. 2d 119 (1987); Reddick, 157 F.3d at 721; Lester v. Chater, 81
27 F.3d 821, 828 n.5 (9th Cir. 1995, as amended April 9, 1996); 20 C.F.R
28 §§ 404.1520, 416.920.

1  **Step one:**  Is the claimant engaging in substantial gainful activity?  If so,
2  the claimant is found not disabled.  If not, proceed to step two.

3  **Step two:** Does the claimant have a "severe impairment"?  If so, proceed
4  to step three.  If not, then a finding of not disabled is appropriate.

5  **Step three:**  Does the claimant's impairment or combination of
6  impairments meet or equal an impairment in 20 C.F.R., Part 404, Subpart P,
7  Appendix 1 (hereinafter "the Listings")?  If so, the claimant is automatically
8  determined disabled.  If not, proceed to step four.

9  **Step four:**  Is the claimant capable of performing his past work?  If so,
10 the claimant is not disabled.  If not, proceed to step five.

11 **Step five:**  Does the claimant have the residual functional capacity to
12 perform any other work?  If so, the claimant is not disabled.  If not, the
13 claimant is disabled.

14 Lester, 81 F.3d at 828 n.5.

15 "Severe" (at step two) means any impairment or combination of
16 impairments that significantly limits the physical or mental ability to perform
17 basic work activities.  "Residual functional capacity" ("RFC") is what a
18 claimant can still do despite existing "exertional" (i.e, strength related) and
19 "nonexertional" limitations.  Cooper v. Sullivan, 880 F.2d 1152, 1155 ns.5-6
20 (9th Cir. 1989).  Nonexertional limitations restrict ability to work without
21 directly limiting strength, and include mental, sensory, postural, manipulative
22 and environmental limitations.  Penny v. Sullivan, 2 F.3d 953, 958 (9th Cir.
23 1993); Cooper 800 F.2d at 1155 n.7; 20 C.F.R. §404.1569a(c).[1]

---

[1] Nonexertional limitations include difficulty in one or more of the following: functioning because of nervousness, anxiety or depression, maintaining attention or concentration; understanding instructions; seeing or hearing, tolerating physical features of a work setting; and manipulative or postural functions (e.g. reaching, handling, stooping or crouching).  See 20 C.F.R. § 404.1569a(c)(1).  Pain may be either an exertional or nonexertional limitation.  Penny, 2 F.3d at 959; Perminter v. Heckler, 765

A claimant has the burden (through step four) of proving inability to perform past relevant work.  Reddick, 157 F.3d at 721; Drouin v. Sullivan, 966 F.2d 1255, 1257 (9th Cir. 1992).  If this burden is met, a prima facie case of disability is established and the burden shifts to the Commissioner (step five) to establish that the claimant can perform alternative work.  Reddick, 157 F.3d at 721; Drouin, 966 F.2d at 1257; 20 C.F.R. §§ 404.1520, 416.920.  The Commissioner can meet this burden by reference to the Medical-Vocational Guidelines ("Grids") at 20 C.F.R. Part 404, Subpart P, Appendix 2, or by relying on vocational expert ("VE") testimony.  Osenbrock v. Apfel, 240 F.3d 1157, 1162 (9th Cir. 2001) (citing Desrosiers v. Secretary, 846 F.2d 573, 576-77 (9th Cir. 1988)).  If VE testimony is used, "the VE must identify a specific job or jobs in the national economy having requirements that the claimant's physical and mental abilities and vocational qualifications would satisfy."  Osenbrock, 240 F.3d at 1162-63.

**B.    Additional Five-Step Sequential Evaluation for Mental Impairments**

Where there is evidence of a mental impairment that allegedly prevents a claimant from working, the Commissioner must supplement the five-step sequential evaluation process with additional regulations dealing specifically with mental impairments.  Maier v. Commissioner of the Soc. Sec. Admin., 154 F.3d 913, 914 (9th Cir. 1998) (per curiam).  The relevant regulations establish another five-step sequential evaluation procedure to be employed in evaluating mental impairments.  Id.  The procedure requires the evaluator to perform the following five steps:

**Step 1:** determine whether a mental impairment exists by recording pertinent symptoms and limitations;

---

F.2d 870, 872 (9th Cir. 1985); 20 C.F.R. § 404.1569a(c).

    **Step 2:** determine whether "certain medical findings which have been found especially relevant to the ability to work are present or absent";

    **Step 3:** determine whether the impairment is severe by rating the degree of functional loss resulting from the impairment;

    **Step 4:** determine whether the impairment, or a combination of impairments, meet or equal a mental disorder listed in 20 C.F.R. pt. 404 subpt. P, Appendix I; and

    **Step 5:** complete a mental residual functional capacity assessment.

Maier v. Commissioner of the Soc. Sec. Admin., 154 F.3d at 914-15 (citing 20 C.F.R. § 416.920a).

    When dealing with alleged mental disabilities, the inquiry at step three has two parts. In the first part, (Part A), the ALJ must determine whether there is evidence to "medically substantiate the presence of a mental disorder." 20 C.F.R. pt. 404 subpt. P, Appendix I at § 12.00A. When making this initial determination, the ALJ can rely only on "medical evidence consisting of clinical signs, symptoms and/or laboratory or psychological test findings." Id. at § 12.00B; Schnieder v. Commissioner of Social Security Administration, 223 F.3d 968, 974 (9th Cir. 2000).

    In the second part, (Part B), the ALJ must determine whether the "severity" of the claimant's "functional limitations" are "incompatible with the ability to work." 20 C.F.R. pt. 404 subpt. P, Appendix I at § 12.00A; Schneider, 223 F.3d at 974. The ALJ makes this determination by ranking the severity of the claimant's deficiencies (e.g. non, slight, moderate, marked, extreme) in four different categories (e.g. daily living; social functioning; concentration, persistence, or pace; and episodes of deterioration). If the ALJ finds that a claimant's functional limitations are at the extreme or marked level in two of the four categories, then the claimant satisfies Part B [of the Listing]. See 20 C.F.R. pt. 404 subpt. P, Appendix I at § 12.04B; Schneider, 223 F.3d at

975.  A disability claimant must show that a medically determinable physical or mental impairment prevents the claimant from engaging in substantial gainful activity and that the impairment is expected to result in death or to last for a continuous period of at least twelve months.  <u>Reddick v. Chater</u>, 157 F.2d at 721; 42 U.S.C. § 423 (d)(1)(A).

## V.   DISCUSSION

**A.     The ALJ's Evaluation.**

The ALJ indicated that plaintiff has the burden to show that he made an unsuccessful attempt to file a Supplemental Security Income application on April 14, 2003.  (CAR 45.)  The ALJ noted that plaintiff testified that he tried to file a Supplemental Security Income application on April 14, 2003.  (CAR 44.)  However, the ALJ found that no agency record indicates that plaintiff made an earlier attempt to file an application.  (CAR 45.)  The ALJ therefore concluded that plaintiff had not met his burden of establishing an earlier protective filing date, and thus declined to modify plaintiff's application for benefits to reflect an earlier protective application date.  (CAR 45-46.)

The parties have stipulated that the following three issues are in dispute:

1.   Whether the findings and decision of the ALJ are based on substantial evidence in the record as a whole;

2.   Whether the Social Security Administration committed reversible error by adding an evidentiary requirement to establish a protective filing date not contained in the federal regulations; and

3.   Whether the ALJ fully and fairly developed the record to assure that plaintiff's interests were considered.

(Joint Stipulation, p. 4.)

///

**B.     Substantial Evidence and Development of the Record.**

Plaintiff argues that the ALJ's decision to not modify plaintiff's disability application date is not supported by substantial evidence because plaintiff's testimony establishes a protective filing date.  (Joint Stipulation, p. 5.)  Plaintiff asserts that he should be eligible for Supplemental Security Income payments as of May 2003 because plaintiff made an oral inquiry and tried to apply for benefits on or about April 14, 2003.  (Id. at 6.)  Plaintiff argues that the ALJ's decision is not supported by substantial evidence because the ALJ made no explicit finding that plaintiff lacked credibility.  (Id. at 8.)  Plaintiff also asserts that plaintiff's testimony establishes that the Social Security Administration provided plaintiff with misinformation, and that this misinformation may have caused plaintiff to file his disability application on a later date.  (Id. at 19-22.)  Plaintiff argues that this misinformation triggered the ALJ's duty to fully and fairly develop the record.  (Id. at 21.)  Defendant asserts that this case should be remanded for further administrative proceedings to allow the ALJ to develop the record for documentation regarding plaintiff's alleged oral inquiry about applying for disability benefits during April of 2003.  (Id. at 14-15.)

The ALJ has an independent duty to fully develop the record.  42 U.S.C. § 423(d)(5)(b); 20 C.F.R. § 404.1512(d)(e).  This duty persists even where the claimant is represented by counsel and is more pronounced where the claimant is represented by a lay person or may be mentally ill.  Smolen v. Chater, 80 F.3d 1273, 1288 (9th Cir. 1996); Tonapetyan v. Halter, 242 F.3d 1144, 1150 (9th Cir. 2001).  However, this duty is only triggered when the record does not present sufficient evidence to allow the ALJ to reach a decision.  Tonapetyan v. Halter, 242 F.3d at 1150 (an ALJ has a duty to fully and fairly develop the record if the evidence is ambiguous or the record is inadequate to allow for proper evaluation of the evidence).

1    Here, the ALJ decided not to modify plaintiff's disability application date
2 because "there is no agency record which corroborates the assertions of
3 [plaintiff] and his attorney that [plaintiff] visited a local office of the Social
4 Security Administration on April 14, 2003 and made an unsuccessful attempt
5 to file an application for Supplemental Security Income." (CAR 45.) The ALJ
6 acknowledged that plaintiff testified about visiting a local office of the Social
7 Security Administration on April 14, 2003. (CAR 44.) As pointed out by the
8 ALJ, the record does not contain any documentation regarding plaintiff's
9 attempt to file a disability application in April 2003. Furthermore, if plaintiff
10 did in fact visit a local Social Security office in April 2003, it is unclear whether
11 plaintiff's alleged visit was recorded as an oral inquiry. (CAR 10.) Therefore,
12 the record is inadequate to allow for a proper evaluation of the evidence, and
13 the ALJ's duty to fully and fairly develop the record was triggered. Tonapetyan
14 v. Halter, 242 F.3d at 1150. Since plaintiff was found disabled due to mental
15 impairments (CAR 54), the duty to develop the record is more pronounced.
16 Smolen v. Chater, 80 F.3d at 1288; Tonapetyan, 242 F.3d at 1150.

17    Plaintiff correctly points out that he testified that unspecified people at a
18 local Social Security Administration office told him that they do not help
19 people fill out forms, and that they have no obligation to do so. (CAR 286.)
20 However, if plaintiff was in fact given misinformation about his eligibility for
21 benefits, and that misinformation caused plaintiff to not file his application at
22 that time, plaintiff may be entitled to an earlier filing date. 20 C.F.R.
23 § 416.351 (a). The record lacks evidence regarding the substance of this
24 alleged misinformation, and whether plaintiff relied on it in filing a later
25 application. Since the record is inadequate to determine whether plaintiff is
26 entitled to an earlier filing date based on misinformation, the ALJ's duty to
27 fully and fairly develop the record was again triggered. Tonapetyan v. Halter,
28 242 F.3d at 1150. Thus, the ALJ should have more diligently pursued records

- 11 -

from the local office where plaintiff allegedly made an oral inquiry about filing a disability application, in order to determine as exhaustively as possible whether plaintiff received misinformation about his eligibility for benefits.

**C.     Remedy.**

The decision whether to remand for further proceedings or order an immediate award of benefits is within the district court's discretion. Harman v. Apfel, 211 F.3d 1172, 1175-78 (9th Cir. 2000). Where no useful purpose would be served by further administrative proceedings, or where the record has been fully developed, it is appropriate to exercise this discretion to direct an immediate award of benefits. Id. at 1179 ("the decision of whether to remand for further proceedings turns upon the likely utility of such proceedings"). However, where there are outstanding issues that must be resolved before a determination of disability can be made, and it is not clear from the record that the ALJ would be required to find the claimant disabled if all the evidence were properly evaluated, remand is appropriate. Id.

Here, the Court has concluded that the ALJ failed to develop the record. Accordingly, remand is necessary so that further administrative proceedings may be conducted. Specifically, on remand, the ALJ should make every reasonable effort to obtain records from the local office where plaintiff allegedly made an oral inquiry about filing a disability application. The ALJ should then determine, in light of the new evidence, if any, whether plaintiff's disability application date should be changed to an earlier protective filing date.[2] If the ALJ determines that plaintiff's application date should be changed to an earlier

---

[2] Since this Court has determined that remand is necessary to conduct further proceedings, the Court does not address the other disputed issue presented by the parties: namely, a) whether the Social Security Administration committed reversible error by adding an evidentiary requirement to establish a protective filing date not contained in the federal regulations. (Joint Stipulation, p. 4.) This issue should be addressed by the ALJ on remand, as necessary, in light of the new evaluation.

date, the ALJ should then evaluate whether plaintiff suffers from a disability as defined by the Social Security Act during the relevant earlier time period. The ALJ should conduct a <u>de novo</u> administrative hearing to determine whether plaintiff suffered from a disability during the relevant earlier time period, and to determine whether plaintiff was given misinformation about his eligibility for benefits which caused him not to file a disability application on an earlier date. 20 C.F.R. § 416.351.

## ORDER

Accordingly, **IT IS HEREBY ORDERED** that this action is remanded to the Commissioner pursuant to sentence four of 42 U.S.C. § 405(g).

**IT IS FURTHER ORDERED** that the Clerk of the Court serve copies of this Order and the Judgment herein on all parties or their counsel.

DATED: July 16, 2009

/s/
JEFFREY W. JOHNSON
United States Magistrate Judge